## Napier v. Commonwealth.

### (Decided April 13, 1923.)

### Appeal from Harlan Circuit Court.

Indictment and Information—Instruction Authorizing Conviction for Manufacturing Under Indictment Charging Possession of Still is Erroneous.—Where the indictment charged the possession of an illicit still designed for the unlawful manufacture of intoxicating liquor the giving of a single instruction authorizing a conviction if the jury believed defendant manufactured intoxicating liquors for a prohibited purpose was clearly erroneous, since one may not be convicted of an offense with which he was not charged.

J. S. FORESTER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

P. Napier is appealing from a judgment of the Harlan circuit court, convicting him of the offense of having in his possession an illicit still designed for the un-

lawful manufacture of intoxicating liquors. The ground relied on is error in the instruction on which the verdict was based.

The indictment charged the possession of an illicit still designed for the unlawful manufacture of intoxicating liquors. The evidence was sufficient to sustain this charge, but the court directed the jury to find the accused guilty if it believed from the evidence that, within twelve months before the finding of the indictment, he had manufactured intoxicating liquors not for scientific, sacramental, medicinal or mechanical purposes. This was the only instruction given. It appears, therefore, that appellant was tried on an indictment charging one offense, and was convicted under an instruction predicated on an entirely different offense. The instruction was clearly erroneous, as one may not be convicted of an offense different from that charged in the indictment on which he is tried. Mays and Terry v. Commonwealth, 194 Ky. 540.

The judgment is reversed and the cause remanded for a new trial.